1

2

3

4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

7  TORRE L. ROUBIDEAUX,            )
                                   ) No. CV-09-243-JPH
8          Plaintiff,              )
                                   ) ORDER GRANTING DEFENDANT'S
9  v.                              ) MOTION FOR SUMMARY JUDGMENT
                                   )
10 MICHAEL J. ASTRUE, Commissioner )
   of Social Security,             )
11                                 )
           Defendant.              )
12                                 )
   _____)

13

14      BEFORE THE COURT are cross-motions for summary judgment noted

15 for hearing without oral argument on July 30, 2010 (Ct. Rec. 17,

16 21). Attorney Lora Lee Stover represents plaintiff; Special

17 Assistant United States Attorney Benjamin Groebner represents the

18 Commissioner of Social Security (Commissioner). The parties

19 consented to proceed before a magistrate judge (Ct. Rec. 6).

20 After reviewing the administrative record and the briefs filed by

21 the parties, the court **grants** defendant's motion for summary

22 judgment (Ct. Rec. 21) and **denies** plaintiff's motion for summary

23 judgment (Ct. Rec. 17).

24                          **JURISDICTION**

25      Plaintiff protectively applied for supplemental security

26

27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 1 -

income benefits (SSI) on October 10, 2003[1] (Tr. 134-140) alleging onset as of January 1, 1995, due to post-traumatic stress disorder (PSTD), depression, and a torn rotator cuff (Tr. 152). The application was denied initially and on reconsideration (Tr. 66-69, 74-76). Administrative Law Judge (ALJ) Paul Gaughen held hearings on July 18, 2006 (Tr. 688-727), and after remand by the Appeals Council, on May 28, 2008 and September 11, 2008 (Tr. 108-109, 627-672, 673-687). Plaintiff, represented by counsel, testified at all three hearings.

At the July 2006 hearing, Ronald Klein, Ph.D., and Daniel McKinney, a vocational expert (VE) testified. At the May 2008 hearing VE K. Diane Kramer testified, and in September 2008, the VE was Sharon Welter. On December 1, 2008, the ALJ issued the decision before the Court (Tr. 20-30) finding plaintiff disabled when substance abuse is included (Tr. 24). He found DAA is a contributing factor material to plaintiff's disability determination (Tr. 29-30). ALJ Gaughen found when DAA is excluded, plaintiff is not disabled. Accordingly, he found plaintiff is not disabled (Tr. 30). The Appeals Council denied a request for review

---

[1] Plaintiff applied for benefits in October 2000 and August 2002 (Tr. 126-132, 770-773, 777-779). Both applications were denied initially and after reconsideration (Tr. 59-65, 745-748, 750-752). The first application was dismissed after plaintiff failed to appear at the scheduled hearing (Tr. 38). At the July 2006 hearing plaintiff's counsel asked to reopen both applications (Tr. 691). The ALJ reserved ruling but apparently denied the motion because he limited the relevant period to October 10, 2003 (the date plaintiff filed the current application) to December 1, 2008, the date of the ALJ's current decision (Tr. 30).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 2 -

on June 10, 2009 (Tr. 5-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On August 4, 2009, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g)(Ct. Rec. 2, 4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both parties, and are summarized here where relevant.

Plaintiff was 31 when he filed his current application for benefits (Tr. 134). He earned a GED and has worked as a material handler, office janitor, punch press operator, seed cutter, farm worker, and construction worker (Tr. 153, 158, 164, 701, 792, 799). Before 2004, he unsuccessfully attempted substance abuse treatment three times (Tr. 244, 250).

At the 2006 hearing plaintiff testified hearing he is unable to work because he has back problems, torn rotator cuffs, left arm numbness, and right hand limitations (Tr. 702-707). Nightmares, as well as shoulder and back pain, interfere with sleep (Tr. 708, 710). Mr. Roubideaux takes prescribed medication for mental impairments and sleep problems (Tr. 707, 710). He cooks, cleans, does laundry, and shops at night to avoid being around people. Cleaning floors is difficult due to bending. He has weekend visitation and spends a total of 3-4 days a week with his three children [At the time of this hearing his youngest child was three years old.](Tr. 708-709). In 2005 he worked for a construction company for a few months (Tr. 709). Plaintiff fished and listened to music (Tr. 713). He felt he could not work because "dealing

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 3 -

with PTSD and depression" made it difficult to "stay at a functioning level" (Tr. 713). Mr. Roubideaux testified he worked on and off with a contractor friend for six months (from June through December 2005) without pay (Tr. 714-715).

At the May 2008 hearing plaintiff testified he has worked at a recycling center, a warehouse, and as a machine operator, janitor and carpenter (Tr. 632, 634-637, 639). Plaintiff was charged with domestic violence three or four years earlier after he drank one beer (Tr. 641). He denied drinking currently (Tr. 643). Dr. Layton oversees plaintiff's medication management, and he sees a counselor once a week (Tr. 646). Plaintiff listens to music, shops at night to avoid people, and has sleep problems and nightmares (Tr. 650, 655).

At the September 11, 2008 hearing, plaintiff admitted in 2007 he drank and was arrested for pedestrian interference (Tr. 679-679). He testified he drank 1-2 months ago (Tr. 678).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 4 -

national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If

plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)© and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240,1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If

an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since he applied for benefits on October 1, 2003 (Tr. 22). At steps two and three, he found plaintiff suffers from depression, a personality disorder, and a substance abuse disorder, impairments that are severe enough to meet the severity of Listings 12.04, 12.08, and 12.09 (Tr. 22, 24). Accordingly, at step three with DAA included, the ALJ found plaintiff disabled (Tr. 24).

Because he found plaintiff disabled when DAA is included, the

ALJ properly went on to perform the required second five step
sequential evaluation. 20 C.F.R. §§ 404.1525, 416.935, and *Parra*
*v. Astrue.*[2] At step twos and three, he found without DAA,
plaintiff's impairments would be severe but would not meet or
equal the Listings (Tr. 24-25). He found plaintiff less than fully
credible. The ALJ assessed an (RFC) including mental but no
physical limitations (Tr. 25). At step four, the ALJ found without
DAA plaintiff is able to perform his past work as a cleaner and
construction worker (Tr. 29). Because step four was determinative,
step five was unnecessary. The ALJ found DAA was a contributing
factor material to the disability determination (Tr. 29-30).
Accordingly, he found plaintiff is barred from receiving benefits
and is therefore not disabled as defined by the Social Security
Act (Tr. 30).

**ISSUES**

Plaintiff primarily challenges the ALJ's decision DAA is
material to the disability finding, asserting there is no evidence
of ongoing DAA (Ct. Rec. 18 at 14). Mr. Roubideaux alleges the
ALJ's RFC is incomplete because he failed to properly credit the
opinion of treating psychiatrist Matthew Layton, M.D., Ph.D. (Ct.
Rec. 18 at 13-15).

With respect to plaintiff's first argument, the Commissioner
responds the record contains substantial evidence of ongoing
substance abuse, and the ALJ properly found Mr. Roubideaux failed
to meet his burden of showing DAA was immaterial to the disability

---

[2]*Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), *cert.*
*denied*, 128 S. Ct. 1068 (2008).

determination (Ct. Rec. 22 at 11-12, 17-18).

The Commissioner asserts plaintiff's second argument fails because the ALJ gave specific, legitimate reasons for rejecting the contradicted opinions of Dr. Layton and other professionals who completed forms related to plaintiff's applications for state benefits. The ALJ found these opinions are (1) unsupported by standardized testing; (2) include the effects of DAA; and (3) are inconsistent with opinions by examining professionals and with plaintiff's reported activities, including the ability to work at times (Ct. Rec. 22 at 2, 9-14). The Commissioner asserts the RFC is supported by the record as a whole, including the opinions of testifying psychologist Dr. Klein, examining psychologists James Bailey, Ph.D., W. Scott Mabee, Ph.D., and Shari Lyszkiewicz, MS, LMHC, and by the ALJ's unchallenged adverse credibility assessment (Ct. Rec. 22 at 2-3, 15-16). Asserting the ALJ's decision is without error and supported by substantial evidence, the Commissioner asks the Court to affirm (Ct. Rec. 22 at 3).

**DISCUSSION**

**A. Weighing evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity

of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 11 -

**B. Materiality of DAA**

Plaintiff alleges the ALJ erred when he found DAA material to determining disability. Mr. Roubideaux contends "there is no evidence of ongoing substance addiction," but admits he "has used substances at times during the period at issue." Without citing the record or supporting authority, plaintiff asserts "there is no clear and convincing evidence of addiction, nor of materiality as it pertains" to employability[3] (Ct. Rec. 18 at 14-15).

The record contradicts plaintiff's argument. Mr. Roubideaux admits he drank in November 2003, December 2003 (Tr. 296, 301), and March 2004 (Tr. 378). He admits he underwent treatment for alcoholism in 2005 (Tr. 378). He admits substance abuse in 2007 and 2008: (1) drank the night before court in June 2007 (Tr. 530); (2) spent most of his money on New Year's "partying" (Tr. 563); (3) in August 2008, binged six weeks ago (Tr. 610-611); (4) uses alcohol when unable to cope (Tr. 610, 616); (5) in September 2008, drank a month or two earlier (Tr. 678); and (6) took four lorazepam before an evaluation in August 2008 (Tr. 28, 612). In addition to plaintiff's admissions, police involvement shows Mr. Roubideaux has been arrested several times for alcohol-related offenses. In December 2003 or January 2004, plaintiff was arrested for malicious mischief (breaking a window after drinking)(Tr. 253, 301, 334). He has been arrested on several occasions for domestic violence (Tr. 641-642). In 2003 or 2007, plaintiff was arrested for pedestrian interference ("drunk and interrupting traffic")

---

[3]After plaintiff successfully completed DAA treatment in 2004, his Global Assessment of Functioning (GAF) was 63, indicative of only mild symptoms or difficulty (Tr. 252). This indicates DAA is material to plaintiff's functioning.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                               - 12 -

and/or "drunk and stepped in front of [a] car" and taken to jail
in January 2008 (Tr. 330, 573, 577, 678-679). In March 2008 he
admitted legal issues and "reports using substances" (Tr. 583).
*See also* weapons and assault charges (Tr. 253); three domestic
violence charges in 2003 (Tr. 387), pending domestic violation
charge in September 2007 for pushing girlfriend (Tr. 554).
Plaintiff told Dr. Bailey he was jailed for reckless burning, and
last used alcohol and marijuana two years earlier, around March
2004 (Tr. 378). The materiality of DAA is also shown by
plaintiff's 2007 statement he grew and sold marijuana (Tr. 488).
The ALJ points out plaintiff has undergone treatment at least
three times and was arrested at age eighteen for driving while
under the influence (Tr. 22-24; 244, 250, Exhibits B-6F/4, B-
8F/28, 33, 38, B-9F/2, B-19F/1).

This evidence alone indicates plaintiff fails to meet his
burden of showing DAA is not a contributing factor material to
determining disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th
Cir. 2001). The ALJ considered additional evidence. It further
supports his materiality determination.

ALJ Gaughen considered the September 2004 opinion of
examining psychologist Debra Brown, Ph.D., almost a year after
onset (Tr. 28, referring to Tr. 386-393). Dr. Brown notes
plaintiff gave vague and contradictory answers. His longest job
was at a recycling center for three years. He was not working
currently because he "had a hard time getting along with people,
was really depressed, and took that out on people around him" (Tr.
386, 388). Plaintiff's results on the Rey test of Malingering
showed less than full effort, and on the Personality Assessment

Inventory (PAI), the answers fell outside the normal range making them invalid (Tr. 387). Dr. Brown concluded she could not assess functioning in the future due to plaintiff's malingering (Tr. 28, Exhibit B-10F/1, 10F/4). She diagnosed alcohol dependence in early full remission, rule out malingering, and rule out antisocial personality disorder (Tr. 391). Dr. Brown opined DAA increases "antisocial acting out" (Tr. 392). She indicates a valid PAI or MMPI is needed (Tr. 393).

The ALJ considered the contradicted opinions of several mental health professionals, including treating psychiatrist Matthew Layton, M.D., Ph.D., who began managing plaintiff's psychotropic medication in April 2000, well before onset on October 10, 2003 (Tr. 265). Also before onset, in August 2002, Dr. Layton completed an evaluation pursuant to Mr. Roubideaux's application for state benefits alleging severe anxiety and depression. Dr. Layton notes "some history of alcohol abuse and head injuries." He diagnosed PTSD, major depressive disorder, recurrent and severe, and alcohol abuse, but opined "alcohol abuse [is] not currently a focus and does not explain the PTSD and depression." Dr. Layton assessed limitations which are moderate, marked, and severe in degree. He opined if plaintiff abused alcohol again, it would likely worsen anxiety and depression (Tr. 265-268). He opined severe anxiety interferes with cognition and impairs judgment, and depression decreases plaintiff's ability to concentrate and focus, and for self-care. Dr. Layton opined PTSD causes avoidance behaviors and extreme anxiety in social settings, and interferes with the ability to interact appropriately. He opined these limitations are most likely *not* the result of DAA

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 14 -

(Tr. 267)(italics added). Dr. Layton opined mediation has provided moderate improvement but with common side effects. He observed plaintiff has maintained his relationship with his children, and they are an essential link in his overall therapy (Tr. 267). With respect to plaintiff's prognosis, Dr. Layton opined consistent psychotherapy and medication treatment may reduce anxiety and improve mood, leading to opportunities for vocational rehabilitation (Tr. 268). In August 2002 plaintiff was attending appointments and taking medications as prescribed (Tr. 268).

Six days after onset, in October 2003, Dr. Layton notes he has had a longstanding (three and half years) but at times erratic treating relationship with Mr. Roubideaux. Plaintiff's mood is depressed but better, his attention and concentration have been good, and medications are helping. Dr. Layton opined plaintiff's insight and judgment are good (Tr. 292). About a month later, mental health treatment notes show plaintiff takes medication at times and continues to drink (Tr. 296).

On July 8, 2004, plaintiff told Dr. Layton he had been unwilling to follow through with referrals to mental health therapy for the past several years (Tr. 310), a situation that had not changed by December 2007 (Tr. 448).

The ALJ considered the opinion of Dr. Klein, who testified at the July 2006 hearing. He opined plaintiff suffers from major depressive disorder with and without DAA (Tr. 695). Dr. Klein found plaintiff "has not consumed alcohol for quite some time" (Tr. 695), which, as the record shows, is incorrect. Dr. Klein found no basis in the record for a PTSD diagnosis. He observed plaintiff has been able to work despite psychological issues,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 15 -

notably in February 2004 and June 2005[4]. Dr. Klein found no indication in the record plaintiff's work ended due to psychological impairments (Tr. 696). He noted plaintiff is described as giving inaccurate histories and frequently lying, his MMPI-2 results reveal he exaggerated by over-reporting symptoms, and he missed numerous appointments with Dr. Layton and mental health counselors without explanation (Tr. 697-698). Dr. Klein assessed moderate limitations in two areas of social functioning: the ability to interact appropriately with the general public, and to accept instructions and respond appropriately to criticism from supervisors (Tr. 699).

Psychologist James F. Bailey, Ph.D., examined plaintiff on March 6, 2007 (Tr. 377-385). The ALJ notes Dr. Bailey opined plaintiff's test results showing memory in the borderline to average range are invalid due to malingering, results on the test of memory malingering (TOMM) showed poor effort, and MMPI-2 results were invalid ("fake bad"). Plaintiff denied substance dependence despite his history (Tr. 27-28, Exhibit B-9F/5, Tr. 379, 381). Dr. Bailey diagnosed PTSD by history, rule out malingering motivation, and antisocial personality disorder (Tr. 381). He opined plaintiff has a secondary gain motive "in that he can avoid child support if he receives disability"[5] (Tr. 382)(Tr. 28, Exhibit B-9F/3, 9F/6; Tr. 379, 381-382). Dr. Bailey assessed

[4]See e.g., Tr. 336 (2/20/2004 mental health provider notes plaintiff canceled his appointment because he is working); Tr. 320, 714-715 (plaintiff worked with a carpenter friend in June 2005, allegedly without pay).

[5]In September 2007, about six months after Dr. Bailey's examination, plaintiff admitted he owed $20,000.00 in back due child support (Tr. 553).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 16 -

moderate limitations in social functioning and responding appropriately to work pressures and changes in routine (Tr. 234). With respect to concentration and persistence, Dr. Bailey observed plaintiff appeared able to do detailed work such as machining and automotive mechanical work[6] (Tr. 28, Exhibit B-9F/6, Tr. 382).

The ALJ considered the opinion of mental health professionals Ms. Lyszkiewicz and Dr. Mabee, who examined plaintiff in 2007 and 2008. On December 4, 2007, plaintiff reported no history of DAA treatment, as noted said he had grown and sold marijuana, and last drank about 3 weeks ago (Tr. 448). His MMPI-2 was invalid due to over-reporting and exaggeration, and TOMM "results were in the malingering range" (Tr. 451, 454). In August 2008 plaintiff met the criteria for alcohol abuse because use was recurrent but not continuous, plaintiff used in situations which might be dangerous and would interfere with normal social and work obligations, he abused alcohol (binged) when he was depressed or felt out of control, and the consequences of use were legally and socially harmful and disruptive. Ms. Lyszkiewicz and Dr. Mabee opined DAA greatly exacerbates plaintiff's other diagnosed conditions (Tr. 24, Exhibit B-19F/7, Tr. 617-620).

Plaintiff repeatedly told Dr. Layton he was not using alcohol, as the Commissioner correctly observes (Ct. Rec. 22 at 11-12). *See e.g.*, September 2000 - anxiety and depression worsen with alcohol, but patient has been clean and sober (Tr. 958); July 2003 - DAA not currently a focus; no indication of DAA (Tr. 266,

---

[6]In July 2007 plaintiff reports he works in construction, and repairs and resells cars (Tr. 536). In August 2007 he makes picture frames to sell (Tr. 548).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 17 -

287); October 2003 - not drinking when arrested and none since released from prison[7] (Tr. 291); October 2004 - abstinent more than 60 days (Tr. 395); March 2005 - "clean and sober for many months if not over a year" (Tr. 313); December 2005 - no indication of DAA (Tr. 399, 415); November 2006 - no indication of DAA (Tr. 483); and April 2007 - there has been no substance abuse (Tr. 524); *but see* February 5, 2004 - Dr. Layton notes plaintiff was arrested over the holidays after drinking (Tr. 301).

On November 18, 2003, plaintiff reported he continues to drink (Tr. 296). On June 21, 2007, he told Dr. Layton he drank on June 20, 2007, the night before a court date (Tr. 530).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 26). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.

---

[7]

Plaintiff apparently believed he was able to work. On October 16, 2003, days after onset, Mr. Roubideaux told Dr. Layton he was "somewhat distressed over having to decline a good job offer" because he has to serve jail time (Tr. 291). He admitted working in October and December 2003 (Tr. 329, 332), January, February, and April 2004 (Tr. 335-336), May and October 2005 (Tr. 366, 378). In February 2006, he reported he had not worked in a couple of months (Tr. 427). In July 2007 he worked in construction and repaired and resold cars (Tr. 536).

1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's credibility assessment is not challenged on appeal. Although there is evidence of malingering, the ALJ gave clear and convincing reasons for his credibility assessment, including (1) inconsistent statements; (2) evidence of malingering; (3) unexplained failure to follow treatment, and (4) activities inconsistent with claimed disabling limitations, including the ability to work (Tr. 26-29).

The record supports the ALJ's reasons.

Plaintiff told Dr. Layton he was not drinking. At the same time, he told other professionals he was drinking. A claimant's inconsistent statements diminish credibility. It is a factor the ALJ may properly rely on when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ properly relied on evidence of malingering. Plaintiff's responses produced an invalid MMPI-2, and his scores on the TOMM indicated poor effort. Plaintiff's unexplained failure to keep appointments and inconsistently taking prescribed

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 19 -

medication casts doubt on his subjective complaints, as the ALJ recognizes (Tr. 27, 296, 300, 309-310, 323, 349, 440, 442, 446, 467, 517, 527). Plaintiff admits he does well when he takes psychotropic medication as prescribed (*see e.g.*, Tr. 332, 365, 430, 500), and poorly when he does not (Tr. 355, 470, 530).

Mr. Roubideaux's ability to engage in various activities in excess of claimed disabling limitations, including working at times, diminishes his credibility. *See e.g.*, three days before onset plaintiff was busy painting other people's houses (Tr. 324); on October 31, 2003, about 3 weeks after onset, plaintiff was trying to take psychotropic medication as prescribed but "has been keeping very busy working" (Tr. 329). In addition, during the relevant period plaintiff biked, fished, and visited friends (Tr. 342, 388, 467).

The ALJ's reasons are clear, convincing and supported by substantial evidence. The lack of consistent treatment can cast doubt on a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ may properly rely on inconsistencies between statements and conduct, and on the extent of daily activities, when assessing credibility. *See Thomas*, 278 F.3d at 958-959.

The record supports the ALJ's unchallenged credibility assessment.

An ALJ may discount a treating professional's contradicted opinion by giving specific and legitimate reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). ALJ Gaughen discounted Dr. Layton's opinion because plaintiff repeatedly lied to Dr. Layton abut his alcohol use, and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 20 -

the record shows DAA was present. Again the determinative issue is the extent of plaintiff's limitation excluding DAA. During the second five step evaluation, the ALJ properly discounted Dr. Layton's opinion because DAA was present. This is a specific, legitimate reason to reject Dr. Layton's contradicted opinion. It was not relevant to the issue of plaintiff's impairments when DAA is excluded.

While the ALJ's findings could have been more detailed, the Court finds they are supported by specific, legitimate reasons and substantial evidence. The opinions of examining Drs. Brown, Bailey, and Mabee contradict treating doctor Layton's opinions, and constitute a specific, legitimate reason to discredit the treating doctor's opinion. *See Andrews*, 53 F.3d at 1042-1043; *Magallanes*, 881 F.2d at 751-752.

The ALJ is correct plaintiff's continued ability to work, and his refusal to participate in therapy or take medication as prescribed, contradict Dr. Layton's assessed marked limitations. Finally, an opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may also be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 21 -

determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's reasons for rejecting some of Dr. Layton's contradicted assessed severe limitations are specific, legitimate, and supported by substantial evidence.

**C. RFC**

The ALJ's assessed RFC takes into account significant limits in social functioning.[8]

The record does not support limitation greater than that assessed by the ALJ when DAA is excluded. The ALJ considered Dr. Layton's contradicted opinion. Although he rejected some of the assessed limitations, he nonetheless incorporated significant limitations in the RFC.

The Court finds the RFC (excluding DAA) is fully supported by the evidence. This includes evidence from treating and examining health care providers, plaintiff's activities, and his assessed credibility. The RFC is free of legal error. Accordingly, the RFC and questions to the VE are sufficient. See *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Plaintiff alleges the ALJ failed to adopt or properly reject the significant limitations that persisted even when Mr.

---

[8]Without DAA, the ALJ found plaintiff requires work which will accommodate social non-responsiveness; impatience; social withdrawal; an inability to engage in high level social interaction; an inability to respond to significant changes in the work setting; difficulty with production rate pace in new, independent work tasks, and reluctance to ask questions (Tr. 25). As noted, with DAA, the ALJ found plaintiff disabled (Tr. 24).

Roubideaux was clean and sober. This is another way of saying he challenges the ALJ's materiality determination.

The ALJ's finding DAA is material to assessing disability is supported by the record and free of error. Plaintiff does not meet his burden of showing DAA is immaterial to the disability finding.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(Ct. Rec. 21)** is **granted.**

2. Plaintiff's motion for summary judgment **(Ct. Rec. 17)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 26th day of October, 2010.


                              s/ James P. Hutton

                           JAMES P. HUTTON
                     UNITED STATES MAGISTRATE JUDGE